

**FILED**
DEC - 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) No. | **07cv6871** |
| Vs. ) | **JUDGE BUCKLO** |
| ) | **MAG. JUDGE SCHENKIER** |
| ANDERS CONSTRCTION, a ) | |
| Foreign Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §1332 (a)(1).

2. **PARTIES**

   Plaintiff:   Zachary Ross
   Address:    11 Marywood Trail
               Wheaton, IL 60187
   Defendant:  Anders Construction
   Address:    2333 Brooklyn Avenue
               Marrero, Louisiana

3. Venue is invoked pursuant to 28 U.S.C. Section 1391(a)(2).

4. **FACTS:** For some time the plaintiff worked as a freelance diver who contracted himself out for specific jobs to companies that desired his services.

   a. On May 15, 2007 the plaintiff was asked to and did begin work for the Defendant, a contractor that was in charge of removing concrete and putting down posts into concrete in the Canal Street Pump Station, New Orleans, Louisiana.

   b. the subject work was done in the aftermath of Hurricane Katrina.

   c. the plaintiff was asked to do the foregoing work under the water that was sitting in Lake Ponchitrain in the Canal Street Pump Station, New Orleans, Louisiana.

1

    d. Lake Ponchitrain's water was contaminated with the detritus from the hurricane, including but not limited to dead fish, human waste, human corpses and other items and materials that were impacted by Hurrican Katrina

    e. While the plaintiff came with his own wet suit, it became obvious that he would need a hazmat suit or a dry suit with which to dive into the lake.

    f. the representatives of Anders Construction, however never provided him with the proper equipment with which to dive into the water and as such, the plaintiff dived into the water with only a wet suit during the entire six weeks that the plaintiff was on the job.

    g. furthermore, the representatives of Anders Construction, however never provided him with clean water filters during the entire six weeks that the plaintiff was on the job.

    h. As a direct and proximate result of the foregoing acts and/or omissions of the defendant, the plaintiff has suffered and will continue to suffer an infection that manifests itself through large, swollen welts on his skin including on his arms, back, neck, butt, groin area and legs.

    i. the above-described infection has left the plaintiff both physically and mentally injured.

    j. in addition, the Plaintiff was unable to work for approximately 2 months as a direct and proximate result of the occurrence.

 WHEREFORE, the Plaintiff ZACHARY ROSS prays that the Court enter judgment in her favor and against the Defendant, ANDERS CONSTRUCTION in an amount in excess of the jurisdictional amount of this Court, along with attorneys' fees and costs, for the Defendant's actions as prayed for above.

             _[signature]_
             SKALETSKY & ASSOCIATES, LTD.

SKALETSKY & ASSOCIATES, LTD.
180 N. Wacker Drive
Suite 203
Chicago, IL 60606
(312) 704-4242

2